The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

# UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) CHAPTER 13 |
| | ) |
| SCOTT RUSSELL HICKMAN, | ) CASE NO. 09-63426 |
| | ) |
| Debtor. | ) ADV. NO. 09-6135 |
| | ) |
| KIMBERLY HICKMAN, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) **MEMORANDUM OF OPINION** |
| SCOTT HICKMAN, | ) **(NOT INTENDED FOR** |
| | ) **PUBLICATION)** |
| Defendant. | ) |

  This adversary proceeding is before the Court on Defendant's Motion for Judgment on the Pleadings, filed on March 3, 2010. Plaintiff opposes the relief and filed a response on March 12, 2010. No hearing was held. Plaintiff's complaint seeks to find obligations incorporated into a divorce decree nondischargeable under 11 U.S.C. § 523(a)(5).

  The court has jurisdiction of this proceeding pursuant to 28 U.S.C. §§ 1334 and the general order of reference entered in this district on July 16, 1984. Venue in this district and division is proper pursuant to 28 U.S.C. § 1409. This is a core proceeding under 28 U.S.C. 157(b)(2)(I). The following constitutes the court's findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

  This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## BACKGROUND

Debtor and Plaintiff were married on April 25, 1992 and had three children before divorcing in 2008. On April 21, 2008, a divorce decree was entered by the Stark County Common Pleas Court, Domestic Relations Division, adopting the Separation Agreement and Shared Parenting Plan, both dated March 14, 2008. The Separation Agreement and Shared Parenting Plan were signed by Plaintiff, and her signature on each document acknowledged by a notary. Defendant did not sign either document, and both documents bear the notation "refused to sign."

The Separation Agreement contains a section titled "Child Support" whereby Husband is to pay Plaintiff $100.00 per month, per child, plus poundage, in child support. He is also required to pay Plaintiff $300.00 per month for 42 months, starting April 1, 2008 and ending October 1, 2011, as spousal support as set forth in the "Spousal Support" section of the agreement. Under the "Allocation of Obligations" section of the agreement, Defendant is responsible for payment of the deficiency balance on a repossessed Ford F150 truck. He also was required to pay one-half ($3,734.47) of Plaintiff's student loan to Great Lakes Financial. This section also set forth the division and responsibility of other debts. The Shared Parenting Plan made accommodation for other debts related to the children.

Debtor filed a chapter 13 bankruptcy case on August 20, 2009 and listed Plaintiff as a creditor on Schedule E. He listed his obligations as "Divorce Obligations – Amount Undetermined." Plaintiff was listed as a co-obligor to Capital One Auto on Schedule H. The amended plan, confirmed on November 19, 2009, proposed to pay nothing to unsecured creditors and makes no specific provisions for Plaintiff. According to Schedule I, Debtor is paying $620.00 per month in support, which roughly corresponds to the amounts of child support and spousal support set forth in the Separation Agreement.

On November 30, 2009, Plaintiff filed a nondischargeability complaint under 11 U.S.C. § 523(a)(5). Plaintiff states that at the time of the divorce, she was entitled to greater amounts of child and spousal support, but agreed to lesser amounts in exchange for Debtor's agreement to pay the following:

(a) One-half (½) of each child's yearly school fees, school supply costs, school lunches, required fees associated with any extracurricular activities and medical bills through the 18th birthday of said child (hereafter "children's expenses");

(b) One-half (½) of the Plaintiff's student loan with Great Lakes Higher Education. Specifically, Defendant/ Debtor's share of said loan was $3,734.47 and his agreed monthly payment is $60.00 (hereafter "student

2

loan obligation"); and

    (c)    Payment in full of the auto loan with Capital One Auto (account number -2688) in the amount of $8,777.00 hereafter "Capital One auto loan").

There is no dispute that these obligations exist and are set forth in the Separation Agreement or the Shared Parenting Plan. Plaintiff contends that these obligations are domestic support obligations as defined in 11 U.S.C. § 101(14) and therefore are nondischargeable under 11 U.S.C. § 523(a)(5). Debtor disagrees that these obligations constitute domestic support obligations.

## LAW AND ANALYSIS

Debtor moves for judgment on the pleadings, relying on Federal Rule of Bankruptcy Procedure 7012(c), which adopts Federal Rule of Civil Procedure 12 into bankruptcy practice. A motion for judgment on the pleadings is reviewed under the same standard as a Rule 12(b)(6) motion to dismiss. *See* JPMorgan Chase Bank, N.A. v. Winget, 510 F.3d 577 (6th Cir. 2007) (citing Roger Miller Music, Inc. v. Sony/ATV Publishing, LLC, 477 F.3d 383, 389 (6th Cir. 2007)). Applied to the facts of this case, that means that the court must view the complaint in the light most favorable to Plaintiff, accept all well-pled factual allegations as true, and then determine whether Debtor is entitled to judgment as a matter of law. *See* Ziegler v. IBP Hog Market, Inc., 249 F.3d 509 (6th Cir. 2001) (citing Mixon v. Ohio, 193 F.3d 389, 400 (6th Cir. 1999)).

Although the Court is cognizant that Plaintiff's response to the motion for judgment on the pleadings is allegedly supported by an affidavit from her divorce attorney, the Court specifically disregards this affidavit. Consideration of the affidavit would advance a review akin to summary judgment:

    (d)    Result of Presenting Matters Outside the Pleadings. If, on a motion under Rule 12(b)(6) or 12(c), matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56. All parties must be given a reasonable opportunity to present all material that is pertinent to the motion.

Fed. R. Civ. P. 12(d); Fed. R. Bankr. P. 7012; *see also* Backer v. Manning Family Trust (In re Backer), 51 Fed. Appx. 522 (6th Cir. 2002); Konica Minolta Bus. Solutions, U.S.A. v. Allied Office Prod., Inc., 2006 WL 3827461, fn 9 (S.D. Ohio 2006); Custom Coated Components, Inc. v. Benteler Auto. Corp., 2006 WL 1653166 (W.D. Mich. 2006) (unreported). Also, the affidavit is not signed or notarized. As a result, the affidavit will be

3

excluded and not considered in ruling on the motion for judgment on the pleadings.

At the outset, the Court finds that Debtor is entitled to judgment on the pleadings with regard to the children's expenses, but not in his favor. In his motion, Debtor included a section "clarifying" that these expenses "are **not** sought to be discharged nor subject to this Motion." (Def's M. Judg. on the Pleadings, p. 10.) As a result of this acknowledgment, there is no dispute as to the dischargeability of these obligations. The Court finds that the children's expenses constitute domestic support obligations and are nondischargeable under 11 U.S.C. § 523(a)(5). The dischargeability of the student loan obligation and Capital One auto loan remains open.

The parties central disagreement is whether these obligations are "domestic support obligations" as defined by 11 U.S.C. § 101(14)(A):

> The term "domestic support obligation" means a debt that accrues before, on, or after the date of the order for relief in a case under this title, including interest that accrues on that debt as provided under applicable nonbankruptcy law notwithstanding any other provision of this title, that is--
>
> (A) owed to or recoverable by--
>
> (i) a spouse, former spouse, or child of the debtor or such child's parent, legal guardian, or responsible relative; or
>
> (ii) a governmental unit;
>
> (B) in the nature of alimony, maintenance, or support (including assistance provided by a governmental unit) of such spouse, former spouse, or child of the debtor or such child's parent, without regard to whether such debt is expressly so designated;
>
> (C) established or subject to establishment before, on, or after the date of the order for relief in a case under this title, by reason of applicable provisions of--
>
> (i) a separation agreement, divorce decree, or property settlement agreement;

4

(ii) an order of a court of record; or

(iii) a determination made in accordance with applicable nonbankruptcy law by a governmental unit; and

(D) not assigned to a governmental entity, unless that obligation is assigned voluntarily by the spouse, former spouse, child of the debtor, or such child's parent, legal guardian, or responsible relative for the purpose of collecting the debt.

Plaintiff's complaint contains sufficient allegations[1] to provide a foundation, when viewing the allegations in her favor, that the obligations owed to her under the divorce decree arose in the parties' divorce, creating a preliminary foundation for her claim under prongs (A) and (C) above. Further, there is no suggestion in the record that an assignment under (D) is applicable. Remaining is an inquiry under (B), whether the obligations are in the nature of alimony, maintenance or support.

Whether an obligation is support is a factual determination. *See* Sorah v. Sorah (In re Sorah), 163 F.3d 397, 400 (6th Cir. 1998). As required on a motion for judgment on the pleadings, construing the facts of the complaint in the light most favorable to Plaintiff results in a presumption that the obligations are domestic support. If true, Plaintiff would be entitled to a finding of dischargeability under 11 U.S.C. § 523(a)(5). Consequently, Debtor's motion for judgment on the pleadings must fail. There is a set of facts upon which Plaintiff may prevail.

An order will be entered contemporaneously with this opinion.

#     #     #

---

[1] The parties stipulated to the authenticity and admissibility of the divorce decree, separation agreement and shared parenting plan on April 16, 2010.

5

**Service List:**

Richard A Nicodemo
Nicodemo & Wilson
124 15th Street, N.W.
Canton, OH 44703

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608