The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below.





Russ Kendig
United States Bankruptcy Judge

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| In re: | ) |
| | ) CHAPTER 13 |
| SCOTT RUSSELL HICKMAN, | ) |
| | ) CASE NO. 09-63426 |
| Debtor. | ) |
| | ) ADV. NO. 09-6135 |
| | ) |
| KIMBERLY HICKMAN, | ) JUDGE RUSS KENDIG |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| SCOTT RUSSELL HICKMAN, | ) |
| | ) **MEMORANDUM OF OPINION** |
| Defendant. | ) **(NOT FOR PUBLICATION)** |

On November 30, 2009, this adversary case was initiated by plaintiff Kimberly Hickman ("plaintiff") against debtor-defendant Scott Russell Hickman ("debtor"). The complaint alleges that certain debts owed by the debtor to the plaintiff are nondischargable under 11 U.S.C. § 523(a)(5). The Court held an evidentiary hearing on November 4, 2010. At the hearing, Donald M. Miller represented the debtor and Richard A. Nicodemo represented the plaintiff. This matter is now before the Court.

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334(b) and the general order of reference entered in this district on July 16, 1984. This is a core proceeding under 28 U.S.C. § 157(b)(2)(A), (I) and (O). The following constitutes the Court's findings of

fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

This opinion is not intended for publication or citation. The availability of this opinion, in electronic or printed form, is not the result of a direct submission by the Court.

## FACTUAL BACKGROUND

Debtor and Plaintiff were married on April 25, 1992 and had three children before divorcing in 2008. In connection with the divorce, debtor and plaintiff entered into a Separation Agreement, dated March 14, 2008.

The Separation Agreement provides that the debtor shall pay the plaintiff $300 per month in child support. (Separation Agreement at 4). The debtor's child support obligation is set forth under a heading labeled "**CHILD SUPPORT**." Id. The Separation Agreement also requires the debtor to pay $300 per month in spousal support. (Separation Agreement at 5). The debtor's spousal support obligation is set forth under a heading labeled "**SPOUSAL SUPPORT**." Id. The Separation Agreement specifies that the spousal support obligation terminates upon the death of the debtor or the remarriage of the plaintiff.

Another section, labeled "**ALLOCATION OF OBLIGATIONS**" divides up the parties' numerous financial obligations including credit cards, utilities, taxes, medical expenses, cell phone plans, student loans, car payments and furniture rental payments. Id. at 4–5. The plaintiff singles out two of these obligations as nondischargable under section 523(a)(5): first, the debtor's obligation to pay one-half of the plaintiff's $3,734 student loan balance with Great Lakes Higher Education in the monthly amount of $60 and, second, the debtor's obligation to pay in full a deficiency balance of $8,777 with Capitol One on a repossessed Ford F150 truck (collectively "consumer debts").[1] Debtor's obligation to make these payments is not contingent on his death or the plaintiff's remarriage.

Plaintiff's legal theory is that these payments are in the nature of domestic support obligations because the debtor assumed them in exchange for reduced child support and spousal support obligations. Plaintiff's divorce attorney, Mary Lou Sekula, testified for plaintiff. She stated that the plaintiff would have been entitled to approximately $226 per child per month in child support and $400 per month in spousal support pursuant to the guidelines used by Stark County domestic relations courts. This assertion is uncontested.

She also testified that the plaintiff agreed to reduced support only because the debtor agreed to pay the consumer debts. However, no documentary evidence supports this assertion, which the debtor fiercely contests. Notably, *a transcript of the hearing in domestic relations court was never entered into evidence.* Finally, Ms. Sekula testified that the plaintiff absolutely needed the defendant to make the payments on the consumer debts to make ends meet. However,

---

[1] The complaint also alleges that certain expenses involving debtor's children are nondischargable. The Court found these obligations to be nondischargable in an order dated April 19, 2010.

no documentary evidence of the plaintiff's budget was presented.

The plaintiff also testified. She offered conflicting testimony regarding the reason for the reduced spousal and child support. During direct examination, she testified that the she accepted less than the guideline amounts of support because the debtor agreed to pay the consumer debts. During cross-examination, however, the plaintiff testified that she accepted reduced support from the debtor because she "didn't want to break him." The plaintiff also testified that she could not make ends meet if the debtor did not make payments on the consumer debts.

Finally, the debtor testified at the hearing. Regarding the deviation from the support guidelines, he testified that he employed a hard negotiation style to obtain the best deal possible. The debtor also testified that he never agreed to pay the consumer debts. He testified that upon seeing the Separation Agreement he told his lawyer that it did not represent the deal negotiated by the parties and that, despite his protest, the domestic relations court ordered the parties to abide by the terms of the Separation Agreement.

## **LEGAL BACKGROUND**

Pursuant to section 523(a)(5), a debt is nondischargable if it constitutes a "domestic support obligation." "Domestic support obligation" is defined in 11 U.S.C. § 101(14A). To be considered domestic a support obligation, a debt must be "in the nature of . . . support . . . ." The sole legal issue in this case is whether the debtor's obligation to make payments on the consumer debts is "in the nature of support" as that phrase is used in section 101(14A).

The Sixth Circuit Court of Appeals has shaped the law on this issue through a trilogy of opinions spanning fifteen years: Long v. Calhoun (In re Calhoun), 715 F.2d 1103 (6th Cir.); Fitzgerald v. Fitzgerald (In re Fitzgerald), 9 F.3d 517 (6th Cir. 1993) and Sorah v. Sorah (In re Sorah), 163 F.3d 397 (6th Cir. 1998).

In Calhoun, 715 F.2d at 1109–10, the court established a four-step test to determine if a debtor's obligation to pay a debt pursuant to a separation agreement is in the nature of support.

> First, the obligation constitutes support only if the state court or parties intended to create a support obligation. Second, the obligation must have the actual effect of providing necessary support. Third, if the first two conditions are satisfied, the court must determine if the obligation is so excessive as to be unreasonable under traditional concepts of support.
> Fourth, if the amount is unreasonable, the obligation is dischargeable to the extent necessary to serve the purposes of federal bankruptcy law. The burden of demonstrating that an obligation is in the nature of support is on the non-debtor.

Fitzgerald, 9 F.3d at 520 (6th Cir. 1993) (summarizing Calhoun).

In Fitzgerald, the court held that the Calhoun analysis applies only to assumptions of debt

and not to conventional state court awards of support. Id. at 520–21.

In Sorah, the court formulated a test for distinguishing assumptions of debt from conventional awards of support. To make this determination, a bankruptcy court must look to the separation agreement to see if the debt in question bears traditional state law indicia of a support obligation. "These include, but are not necessarily limited to, (1) a label such as alimony, support, or maintenance in the decree or agreement, (2) a direct payment to the former spouse, as opposed to the assumption of a third-party debt, and (3) payments that are contingent upon such events as death, remarriage, or eligibility for Social Security benefits." Sorah, 163 F.3d at 402. The court held that if an obligation is found to be conventional support, it is nondischargable under section 523(a)(5) except to the extent that it creates an excessive burden on the debtor. Id.

## ANALYSIS

The Court first applies the three Sorah factors to determine whether debtor's agreement to pay the consumer debts is a conventional award of support or an assumption of debt. First, the consumer debts are not listed as alimony, support or maintenance. Rather, they are listed as "obligations" and listed among numerous other debts. Second, the arrangement involves the assumption of a third-party debt as opposed to a direct payment to the plaintiff. Third, the agreement to pay the consumer debts in not contingent on the death or remarriage of the debtor. As such, the Court finds that debtor's obligation to pay the consumer debts is an assumption of debt as opposed to a conventional support obligation.

Therefore, the Court moves on to the Calhoun analysis. The first step under the Calhoun analysis is to determine whether the parties intended to create a domestic support obligation. Fitzgerald, 9 F.3d at 520. The plaintiff bears the burden of proof on this issue. Id. If the parties did not intend to create a domestic support obligation, the debtor's obligation to pay the consumer debts is dischargeable. Id.

The Court finds that the plaintiff has not carried her burden of showing that the parties intended to create a domestic support obligation. The plaintiff's own testimony as to the reason why the parties agreed to reduced support was inconsistent. Furthermore, the plaintiff did not present any documentation that supported her position. Notably, the transcript from the domestic relations court was not entered into evidence. Moreover, the Separation Agreement itself lists the consumer debts in a separate section from the child and spousal support obligations. Finally, debtor specifically denied plaintiff's interpretation and even refused to sign the separation agreement. Therefore, the determination of any agreement is questionable at best.

At hearing, the plaintiff and the plaintiff's divorce attorney stated on multiple occasions that debtor's payment of the consumer debts was absolutely necessary for the plaintiff to make ends meet. However, the plaintiff presented no evidence regarding her budget. Furthermore, this consideration is not relevant to Calhoun's intent prong, which is dispositive in this case.

Accordingly, the Court finds that the consumer debts are dischargeable.

An order will issue with this opinion.

\#   \#   \#

Service List:

Kimberly Hickman
830 Postiy Street NW
Canton, OH 44720

Scott Hickman
10433 Scotney Avenue NW
North Canton, OH 44720

Richard A Nicodemo
Nicodemo & Wilson
124 15th Street, N.W.
Canton, OH 44703

Donald M Miller
1400 Market Ave N
Canton, OH 44714-2608